UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA VALLEY MIWOK TRIBE, a federally-recognized Indian tribe, THE GENERAL COUNCIL, SILVIA BURLEY, RASHEL REZNOR; ANJELICA PAULK; and TRISTIAN WALLACE, <br><br> Plaintiffs, <br><br> v. <br><br> SALLY JEWEL, in her official capacity as U.S. Secretary of Interior; LAWRENCE S. ROBERTS, in his official capacity as Acting Assistant Secretary of Interior-Indian Affairs; MICHAEL BLACK, in his official capacity as Director of the Bureau of Indian Affairs, <br><br> Defendants. | CIV. NO.: 2:16-01345 WBS CKD <br><br> MEMORANDUM AND ORDER RE: MOTION TO STAY |

----oo0oo----

Plaintiffs Silvia Burley, Rashel Reznor, Anjelica Paulk, and Tristian Wallace brought this action against defendants Secretary of Interior Sally Jewell, Acting Assistant

1

1    Secretary of Interior Lawrence Roberts, and Director of the

2    Bureau of Indian Affairs ("BIA") Michael Black for declaratory

3    relief, injunctive relief, and due process violations arising out

4    an administrative decision on the membership and leadership of

5    the California Valley Miwok Tribe ("Tribe").  The matter is now

6    before the court on plaintiffs' motion to stay enforcement of the

7    Assistant Secretary's December 30, 2015, decision ("December 2015

8    Decision").[1]  (Docket No. 10.)

9    I.    Factual and Procedural Background

10           This action is part of a long-running leadership

11   dispute over the Tribe between the Burley Faction--made up of

12   Burley, Reznor, Paulk, and Wallace--and Yakima Dixie.  See Cal.

13   Valley Miwok Tribe v. United States, 424 F. Supp. 2d 197 (D.D.C.

14   2006) (hereinafter "Miwok I"); Cal. Valley Miwok Tribe v. United

15   States, 515 F.3d 1262 (D.C. Cir. 2008) (hereinafter "Miwok II");

16   Cal. Valley Miwok Tribe v. Jewell, 5 F. Supp. 3d 86 (D.D.C. 2013)

17   (hereinafter "Miwok III").  The Tribe is a federally recognized

18   tribe.

19           In 1916, the United States acquired a parcel of land

20   for the Tribe's benefit.  (Corrales Decl. Ex. 4 ("Dec. 2015

21   Decision") at 2 (Docket No. 11).)  In 1958, the California

22   Rancheria Act terminated federal recognition of rancherias, and

23

24           [1]    Plaintiffs caption their motion as seeking an order
     staying the December 2015 Decision, but plaintiffs are actually
25   seeking preliminary injunctive relief from the court to prevent
     the BIA from taking certain actions pending a decision on the
26   merits.  See Nken v. Holder, 556 U.S. 418, 428-29 (2009).  The
     terminology does not change the court's standard of review.
27   Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011)
28   (applying the four injunction factors to a stay request).

1    Mabel Dixie--the sole Miwok Indian resident on the land--acquired

2    title to the land. (Id. at 3.)

3            Mabel Dixie's son, Yakima Dixie, was the only tribal

4    member living on the property in 1998.  (Id. at 1-2.)  The Burley

5    Faction obtained his permission to enroll into the Tribe.  (Id.

6    at 2.)  The BIA, Dixie, and Burley drafted a Resolution ("1998

7    Resolution") stating that the Tribe consisted of at least Dixie

8    and the Burley Faction and establishing a general council ("1998

9    General Council").  Miwok III, 5 F. Supp. 3d at 91.  In 1999, a

10   leadership dispute began between Dixie and Burley, and the BIA

11   entered into a contract with Burley to provide funding for the

12   Tribe's organization.  Id.  Later, the BIA found Burley did not

13   attempt to involve all tribal members, and it ceased recognizing

14   Burley as the Tribe representative.  Id. at 93.  The California

15   Gaming Control Commission, which provides funding to certain

16   tribes, also suspended its payments to the Tribe and is currently

17   holding the money in trust.  Id. at 94.

18           In a 2005 hearing, the BIA refused to accept a

19   constitution submitted by Burley that alleged that the Burley

20   Faction were the only Tribe members because the constitution did

21   not reflect the participation of the whole community.  Id. at 93-

22   94.  This decision was upheld by the district court in Miwok I

23   and the D.C. Circuit in Miwok II.  Id. at 94.

24           While Miwok II was pending, the BIA notified Dixie and

25   Burley that it would move forward with facilitating the Tribe's

26   organization.  Id.  In December 2010, the Assistant Secretary

27   determined that the tribal government was organized under the

28   1998 Resolution and General Council.  Id. at 95.  In August 2011,

                                    3

1    the Assistant Secretary issued a revised decision that reached

2    the same conclusion.  Id.  He found (1) the citizenship of the

3    Tribe consisted solely of Dixie and the Burley Faction and (2)

4    the 1998 General Council was the Tribe's government.  Id.  Dixie

5    challenged the August 2011 Decision.  (Dec. 2015 Decision at 2.)

6            Based on the record, the Miwok III court held the

7    August 2011 Decision was arbitrary and capricious.  (Id.)  The

8    court held that the Assistant Secretary ignored substantial

9    evidence in the record and assumed conclusions without providing

10   a factual basis.  Miwok III, 5 F. Supp. 3d at 97-100.  The court

11   remanded the case to the Assistant Secretary.  Id. at 100-01.

12           The Assistant Secretary issued his December 2015

13   Decision in response to the Miwok III remand.  He held, based on

14   the record and previous federal decisions, that the Tribe's

15   membership was not limited to five members and the 1998 General

16   Council was not a tribal government.  (Dec. 2015 Decision at 3-

17   5.)  Finally, the Assistant Secretary found Dixie's 2013

18   Constitution did not establish a tribal government, but he

19   allowed Dixie to submit additional evidence to a Regional

20   Director in order to determine whether the 2013 Constitution was

21   validly ratified.  (Id. at 6.)

22           Plaintiffs challenged the December 2015 Decision and

23   brought this suit against the federal defendants.  Several

24   potential Tribe members, including Dixie, intervened.  (Docket

25   No. 30.)  Plaintiffs now move to stay the December 2015 Decision

26   pending final resolution of this case.  (Docket No. 10.)

27   II.  Discussion

28           In order to obtain a preliminary injunction, the moving

4

1    party must establish (1) he is likely to succeed on the merits,

2    (2) he is likely to suffer irreparable harm in the absence of

3    preliminary relief, (3) the balance of equities tips in his

4    favor, and (4) an injunction is in the public interest.  Winter

5    v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20-21 (2008);

6    Humane Soc. of the U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir.

7    2009).  When the United States is the non-moving party, the third

8    and fourth factors merge.  Nken v. Holder, 556 U.S. 418, 435

9    (2009).  Injunctive relief is "an extraordinary and drastic

10   remedy, one that should not be granted unless the movant, by a

11   clear showing, carries the burden of persuasion."  Mazurek v.

12   Armstrong, 520 U.S. 968, 972 (1997) (per curiam).

13          "[A] preliminary injunction will not be issued simply

14   to prevent the possibility of some remote future injury."

15   Winter, 555 U.S. at 21.  A plaintiff "must establish that

16   irreparable harm is likely, not just possible, in order to obtain

17   a preliminary injunction."  All. for the Wild Rockies v.

18   Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in

19   original) (citing Winter, 555 U.S. at 22).  Plaintiffs must

20   demonstrate the harm is both irreparable and imminent.  Caribbean

21   Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir.

22   1988).  "Speculative injury does not constitute irreparable

23   injury sufficient to warrant granting a preliminary injunction."

24   Id.

25          Plaintiffs argue they will be irreparably harmed by the

26   December 2015 Decision because the Regional Director "is poised

27   to give the Tribe over to the Dixie Faction in the immediate

28   future" by recognizing Dixie's 2013 Constitution.  Plaintiffs

1   argue that once the 2013 Constitution is recognized, Dixie will

2   request and obtain the $13 million the Gambling Control

3   Commission is holding in trust for the Tribe pending resolution

4   of the leadership dispute.  (Pls.' Mot. at 10 (Docket No. 10).)

5          The possibility of injury to plaintiffs is speculative

6   because it is uncertain whether the Regional Director will

7   recognize Dixie's 2013 Constitution in the first place.  (See

8   Dutschke Aff. ¶¶ 9-11 (Docket No. 34-1).)  The December 2015

9   Decision only authorized the Regional Director to accept

10  additional submissions from Dixie to determine whether the 2013

11  Constitution is valid.  (Dec. 2015 Decision at 6.)  Even if the

12  Regional Director approves Dixie's 2013 Constitution, this

13  decision is subject to administrative appeal and would be stayed

14  pending appeal.  25 C.F.R. §§ 2.1-.21 (describing the appeal

15  procedures).  Only then, after the Regional Director approved

16  Dixie's 2013 Constitution and the administrative appeals are

17  exhausted, could Dixie petition the Gambling Control Commission

18  for any money.  Absent a showing that the money will immediately

19  and certainly be released, any harm is speculative and not

20  immediate.

21         For the foregoing reasons, because plaintiffs have not

22  established that the Regional Director's future decision

23  regarding the 2013 Constitution and any subsequent issuance of

24  tribal money is imminent or likely to occur, they have not met

25  the irreparable harm prong of the preliminary injunction

26  standard.

27         Plaintiffs have also failed to meet the merged third

28  and fourth prongs of the preliminary injunction standard.  First,

1    "tribal self-government may be a matter of public interest."

2    Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1253

3    (10th Cir. 2001).  Issuing an injunction preventing the BIA from

4    determining the Tribe's proper government undermines the public

5    policy favoring the promotion of tribal self-governance.

6           Second, since plaintiffs have not shown irreparable

7    injury, the balance of the equities cannot be in favor of

8    plaintiffs over the United States or intervenor-defendants.

9    Earth Island Inst. v. Carlton, Civ. No. 2:09-2020 FCD EFB, 2009

10   WL 9084754, at *28 (E.D. Cal. Aug. 20, 2009), aff'd 626 F.3d 462

11   (9th Cir. 2010) ("[W]here plaintiff has not made the requisite

12   showing on the merits which, in turn, undermines the likelihood

13   of irreparable injury, the balance of equities cannot be found in

14   plaintiff's favor.").  Preventing the implementation of the

15   December 2015 Decision would also impair the interests of the

16   United States and Tribe members in establishing legitimate

17   government-to-government relations, and preventing the Regional

18   Director from determining the validity of other potential tribal

19   governments would prevent Tribe members from receiving the

20   benefits of a duly-recognized government.

21          Because plaintiffs have failed to meet the second and

22   third prongs for a preliminary injunction, the court thus does

23   not need to address the likelihood of success on the merits.  See

24   Winter, 555 U.S. at 20-21 (holding a plaintiff must establish

25   that all four prongs are met and irreparable harm is likely, not

26   just possible).  Accordingly, the court must deny plaintiffs'

27   motion.

28   ///

1          IT IS THEREFORE ORDERED that plaintiffs' motion to stay

2   the Assistant Secretary's December 2015 Decision pending final

3   resolution of this case, considered as a motion for a preliminary

4   injunction, be, and the same hereby is, DENIED.

5   Dated:   October 24, 2016

6   _____
    WILLIAM B. SHUBB
7   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28